UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DANIEL MARCEL,

        Petitioner,

- against -

SEAN M. BYRNE, Commissioner of New
York State Division of Criminal Justice
Services; ERIC T. SCHNEIDERMAN,
Attorney General of the State of New York,

        Respondents.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

11-CV-4695 (RRM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 10 2011 ★

BROOKLYN OFFICE

ROSLYNN R. MAUSKOPF, United States District Judge.

On September 22, 2011, petitioner filed this *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2003 Kings County, New York conviction for which he was sentenced to one year incarceration. (Petition (Doc. No. 1) at ¶ 4.) The Court grants petitioner's request to proceed *in forma pauperis*. For the reasons set forth below, the Court denies the petition.

## DISCUSSION

A § 2254 petitioner must first show that he is "in custody pursuant to the judgment of a State court." § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001). While probation, parole or supervised release is considered "in custody" for the purpose of § 2254, *Maleng v. Cook*, 490 U.S. at 491; *Jones v. Cunningham*, 371 U.S. 236 (1963); *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir.1994), it

does not appear that petitioner was sentenced to probation.[1]

Nor, according to the district court decisions in this circuit to consider the question, *Rodriguez v. Attorney General*, No. 10 Civ. 3868, 2011 WL 3875328, at * 2-4 (S.D.N.Y., Sept. 02, 2011); *Davis v. Nassau County*, 524 F. Supp. 2d 182 (E.D.N.Y. 2007), does petitioner's Sexual Offender Registration Act ("SORA") designation make him "in custody" for the purpose of habeas relief. "Although the Second Circuit has not considered whether a convicted sex offender subject to SORA is 'in custody' for purposes of federal habeas review, every circuit court to address the issue – with respect to other states' sex offender registration laws – has determined that such an offender is not 'in custody.'" *Rodriguez v. Attorney General*, 2011 WL 3875328, at * 3 (citing *Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008); *Leslie v. Randle*, 296 F.3d 518, 522–23 (6th Cir. 2002); *Henry v. Lungren*, 164 F.3d 1240, 1241–42 (9th Cir.1999); *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (*per curiam*); *Williamson v. Gregoire*, 151 F.3d 1180, 1185 (9th Cir. 1998)).

Therefore, because petitioner is no longer serving the sentence for his 2003 conviction nor is he on probation for that sentence, he cannot bring a federal habeas petition challenging that conviction.

---

[1] Ten years probation was offered to petitioner and then withdrawn. (*See* Petition (Doc. No. 1), Exhibit G, September 30, 2009 Decision and Order of the Supreme Court of the State of New York, Kings County, SCI # 8427/2003 at 2.)

2

## CONCLUSION

Accordingly, for the reasons set forth above, the petition for a writ of habeas corpus is denied. Petitioner's request for the appointment of counsel is denied as moot. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. §1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 9, 2011

ROSLYNN R. MAUSKOPF
United States District Judge